UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-88-C**

**IN RE:**

**EMORY M. DAVIS and**
**CAROL D. DAVIS,**
  **Debtors**

**EMORY M. DAVIS and**
**CAROL C. DAVIS,**                     **APPELLANTS,**

**V.**      **MEMORANDUM OPINION AND ORDER**

**FRANK MITAN,**                        **APPELLEE.**

\* \* \* \* \* \* \* \* \* \*

  This matter is before the court on appeal of the bankruptcy court's final order in an adversary proceeding.[1] The court, having reviewed the record and being duly advised, will affirm in part, reverse in part, and remand for further proceedings.

**I. Facts**

  The appellants, Emory and Carol Davis, filed a Chapter 13 bankruptcy petition in September, 2003. The Davises believe that their business dealings with Kenneth Mitan ("Kenneth") caused their financial trouble. Accordingly, they authored a website, www.mitanalert.com. This website, which the Bankruptcy Court described as a "scandal sheet," contains material suggesting that Kenneth

---

[1] Although the appellee had filed a notice of appeal, he has not raised any issues for this court to consider as required by the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8009. Accordingly, the court considers only those issues raised by the appellants.

Mitan and his family are con artists, and that one should avoid doing business with them.[2] This adversary proceeding was initiated by Kenneth, his father, Frank Mitan ("Frank"), and various Mitan-family business entities to recover damages for libel and tortious interference with contractual relations.

The adversary proceeding is, in some ways, a reprise of *Mitan v. Davis*, 243 F. Supp. 2d 719 (W.D. Ky. 2003), where Kenneth sought to recover damages for libel based on the publication of ten items at www.mitanalert.com. In that case, the District Court dismissed all but one of those claims as barred by the one-year statute of limitations. *Id.* at 722-24. After the order of dismissal, the Davises updated their website, adding "Breaking News!" and "Update!" sections. These sections list additional nefarious activities in which Kenneth and, by reference, his family are alleged to have participated. It is because of these updates that the Davises were haled back into court for libel. After a hearing, the Bankruptcy Court found for the Davises on all claims except Frank's claim for libel. However, because Frank did not prove damages, it awarded him nominal damages of $5,000. The Bankruptcy Court also ordered any reference to Frank to be stricken from the Davises' website, and enjoined the Davises from operating www.mitanalert.com, or

---

[2] The front page of this website stated, among other things, "This act is by no means the lone act of an accomplished con man, it is the continuation . . . of similar acts by a team . . . . So many people have had their lives destroyed by this family." A separate section of the website identifies several members of Kenneth's family, including his father ("Frank"). This section identifies Frank by name, lists his date of birth, and includes the statement: "WE BELIEVE THERE ARE OTHERS. LET US KNOW."

2

any similar website, for the duration of their Chapter 13 plan.

The Davises raise three issues in this appeal. First, they argue that the bankruptcy court erred in finding that they were liable to Frank for defamation. Second, they claim that the Bankruptcy Court erred in failing to sanction Frank for discovery abuse. Finally, they claim that it was an abuse of discretion to require the removal of the entire website.

## II.    Jurisdiction and Standard of Review

This court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1). The Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard, while the conclusions of law are reviewed de novo. *In re Downs*, 103 F.3d 472, 476-77 (6th Cir. 1996). The Bankruptcy Court's discretionary decisions are reviewed for abuse of that discretion. *In re Zick*, 931 F.2d 1124, 1126 (6th Cir. 1991).

## III.   Libel

The Davises argue that any statements published about Frank were true and, therefore, not libelous. Additionally, they argue that any claim for libel is barred by the one-year statute of limitations. The Bankruptcy Court found that any reasonable person looking at the Davises' website would conclude that members of the Mitan family are frauds and that one should not do business with them; that Frank Mitan is a member of the Mitan family; and that there was no proof that Frank was a con artist or part of a team of con artists. The record supports these factual findings

and they are not clearly erroneous. Notwithstanding these findings, the Davises argue that Frank admitted that the website did not implicate him in any wrongdoing. This argument, unsupported by any citation to the record, is not convincing in light of Frank's myriad statements to the contrary.

To recover for libel, the plaintiff must show the publication of defamatory material. *Columbia Sussex Corp. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App. 1981) (listing elements of the tort). All claims for libel must be brought within one year after the publication of defamatory material. K.R.S. § 413.140(1)(d); *Caslin v. Gen. Elec. Co.*, 608 S.W. 2d 69 (Ky. Ct. App. 1980). The Supreme Court of Kentucky has not determined what constitutes Internet "publication" for the purposes of the running of the statute of limitations. However, this court agrees with the analysis of its sibling court, which held that Kentucky would apply the single-publication rule to material published on the Internet. *Mitan v. Davis,* 243 F. Supp. 2d at 722-24*. See also Firth v. New York*, 775 N.E.2d 463 (N.Y. 2002); *Churchill v. New Jersey*, 876 A.2d 311 (N.J. Super. Ct. App. Div. 2005).

The single-publication rule holds that any form of mass communication or aggregate publication – such as the publication of an edition of a book or a periodical, or the broadcast of a single radio or television program – is a single communication and can give rise to only one action for libel. *Mitan*, 243 F. Supp. 2d at 722 *citing* Restatement (Second) of Torts § 577A. The rule applies only to those cases where communication is simultaneously available to multiple persons.

Restatement (Second) of Torts § 577A cmt. b. Its purposes are to prevent a multiplicity of actions; to protect the defendant from excessive liability based on a single publication run; to allow the plaintiff to recover all of his damages at once; and to reduce the chilling effect that the common-law rule might have on the mass communication of ideas.[3] *Firth*, 775 N.E.2d at 446. Under the single-publication rule, the statute of limitations runs as soon as the communication enters the stream of commerce. *Mitan*, 243 F. Supp. 2d at 722.

An exception to the single-publication rule is the doctrine of republication. Republishing material – including publishing a second edition or a book or periodical, editing and republishing defamatory material, or placing it in a new form – resets the statute of limitations. Restatement (Second) of Torts § 577A cmt. c, d. This exception provides the plaintiff with a remedy where the defendant edits and retransmits the defamatory material, or distributes the defamatory material for a second time with the goal of reaching a new audience. *E.g., Firth*, 775 N.E.2d at 466-67. The narrow question in this case is whether posting new information to a defamatory website resets the statute of limitations under the republication doctrine. As the Supreme Court of Kentucky has not spoken on this issue, the court relies on persuasive authority from other jurisdictions.

The mere act of editing a website to add unrelated content does not constitute republication of unrelated defamatory material that is posted on the same

---

[3] At common law, each item that was published could give rise to a cause of action for defamation. *Mitan*, 243 F. Supp. 2d at 721.

5

website. *Firth*, 775 N.E.2d at 466. Similarly, mere technical changes to a website, such as changing the way an item of information is accessed, is not republication. *Churchill*, 876 A.2d at 317, 319. These rules are consistent with a public policy that encourages the free transmission of information and ideas. *See, e.g., Mitan*, 243 F. Supp. 2d at 721; *Firth*, 775 N.E.2d at 467. In contrast, where substantive material is added to a website, and that material is related to defamatory material that is already posted, a republication has occurred. *Cf. Firth*, 775 N.E.2d at 466; *Churchill*, 876 A.2d at 319-20. To hold otherwise would give a publisher *carte blanche* to continue to publish defamatory material on the Internet after the statute of limitations has run in the first instance.

In this case, the Bankruptcy Court found that the new material on the Davises' website contained substantive information related to Kenneth and, by reference, to the Mitan family. Having found these necessary facts, the Bankruptcy Court correctly analyzed *Mitan*, *Firth*, and *Churchill* and held that a republication had occurred, which restarted the statute of limitations. As the adversary proceeding was filed within one year of the updates to the Davises' website, it was timely filed.

**IV.   Sanctions**

To prepare for this adversary proceeding the Davises sought to depose Frank Mitan. Accordingly, on December 10, 2004, they filed a notice of deposition requesting that Frank, who is an 81-year-old Michigan resident, appear in Louisville

on January 12, 2005. On January 11, 2005, Frank, through counsel, informed the Davises that he would not appear for his deposition. Accordingly, the Davises moved to dismiss the adversary proceeding due to the failure to cooperate in discovery. In this appeal, they ask the court to review the denial of that motion.

The Federal Rules of Bankruptcy Procedure allow the court to dismiss an action as a sanction for failure to comply with discovery. Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37. However, dismissal is a severe sanction that should be applied as a matter of last resort. *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1989). In deciding whether to dismiss an action, the court should consider, among other things, whether less drastic sanctions would be effective. *Mut. Fed. Sav. & Loan Ass'n v. Richards*, 872 F.2d 88, 92 (4th Cir. 1989). The decision to sanction is reviewed for abuse of discretion. *Id.*

The requested sanction – dismissal – is too harsh a penalty to impose for failure to attend a deposition. While the Davises are understandably frustrated that Frank refused to appear, there is no indication that they did anything else to obtain the discovery that they felt was necessary. The Davises did not offer to travel to Michigan to depose Frank; they did not ask the Bankruptcy Court for help in obtaining Frank's deposition; nor did they request lesser sanctions, such as attorney's fees. The Bankruptcy Court's refusal to grant the proposed draconian sanction was not an abuse of discretion.

**V.     The Injunction**

A party is entitled to a permanent injunction if it can establish that it will suffer continuing injury for which there is no adequate remedy at law. *Woman's Medical Professional Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006). The scope of injunctive relief is reviewed for an abuse of discretion. *Id.*

In this country, there is a rich tradition of freedom of speech. *E.g.,* U.S. Const. amend I; *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Near v. State of Minnesota*, 23 U.S. 697 (1931). Accordingly, the courts must tread lightly when enjoining speech. *E.g., Near* 23 U.S. at 633 (holding that injunction of scandalous newspaper was unconstitutional). The freedom of speech is not an absolute right, and a court may use its equitable power to protect an entity from defamatory speech where there is no adequate remedy at law. *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1206, 1209 (6th Cir. 1990) *citing Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973).

The Davises do not object to the order compelling them to remove all reference to Frank Mitan so much as they object to the enjoining of their entire website for the duration of their Chapter 13 plan, a period that could be as long as five years. 11 U.S.C. § 1322. The court agrees that the scope of this injunction is overly broad. While Frank Mitan may be entitled to injunctive relief to protect him from future defamation, this relief does not require the Davises' complete silence over a multi-year period. Although the Bankruptcy Court's description of the website as a "scandal sheet" may be apt, there has been no finding that it is

defamatory with regard to anybody but Frank. On remand, the Bankruptcy Court is to reconsider the scope of its injunction. To the extent that Frank still requires protection from defamation, the Court is to craft a solution that provides that protection without unduly trampling on the Davises' right to publish. Accordingly,

**IT IS ORDERED** that the orders of the Bankruptcy Court are **AFFIRMED IN PART** and **REVERSED IN PART**. The order is reversed with respect to the injunction issued by the Bankruptcy Court. The Bankruptcy Court's order is affirmed in all other respects.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

Signed on  August 14, 2006

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**